Jesse A.P. Baker (SBN 36077)
JBaker@aldridgepite.com
Lesley D. Bohleber (SBN 49150)
LLueke@aldridgepite.com
**ALDRIDGE PITE, LLP**
The Ogden Building
9311 SE 36th St, Ste 100
Mercer Island, WA 98040
Telephone: (425) 644-6471

**Mailing Address**:
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for Movant
QRL Financial Services, a Division of First Federal
Bank of Florida

Honorable Mary Jo Heston
Chapter: 13
Hearing Location: Tacoma
Hearing Date: 10/22/2019
Hearing Time: 1:00 PM
Response Date: 10/15/2019

# UNITED STATES BANKRUPTCY COURT

## WESTERN DISTRICT OF WASHINGTON - TACOMA DIVISION

| | |
|---|---|
| In re<br><br>SHAWN MATTHEW PARKER and SHARLENE ANN PARKER AKA SHARLENE ANN GRIESE,<br><br>Debtors. | No. 17-44122-MJH<br><br>Chapter 13<br><br>**MOTION FOR RELIEF FROM AUTOMATIC STAY** |

QRL Financial Services, a Division of First Federal Bank of Florida ("Movant") moves this court for an order terminating the automatic stay of 11 U.S.C. § 362(a) as to the real property located at 428 Fairmount Ave, Shelton, Washington 98584 (the "Property").[1] This motion is supported by the memorandum of points and authorities cited herein, the declaration filed concurrently herewith, and the record currently before the court.

## I. FACTUAL AND PROCEDURAL SUMMARY

On or about July 13, 2009, Shawn M Parker by Sharlene A Parker, his Attorney-in-Fact,

---

[1] This motion shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Aldridge Pite, LLP's participation in this proceeding. Moreover, the within party does not authorize Aldridge Pite, LLP, either expressly or impliedly through Aldridge Pite, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

**MOTION FOR RELIEF FROM AUTOMATIC STAY**
Page 1

**ALDRIDGE PITE, LLP**
4375 Jutland Drive; P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (425)644-6471

Case 17-44122-MJH    Doc 35    Filed 09/27/19    Ent. 09/27/19 14:39:41    Pg. 1 of 5

("Borrower") executed a promissory note in the principal sum of $143,355.00 (the "Note"), which was made payable to Peninsula Community Federal Credit Union. (See Declaration in Support of Motion for Relief from Automatic Stay ("Declaration"), **Exhibit A**).

The Note is secured by a recorded Deed of Trust (the "Deed of Trust") encumbering the Property.[2] (*See* Declaration, **Exhibit B**). The Property is legally described as follows:

> LOT 4, BLOCK 1, PLAT OF HILLCREST ADDITION TO SHELTON, RECORDED IN VOLUME 2 OF PLATS, PAGE(S) 39, RECORDS OF MASON COUNTY, WASHINGTON

(*See id.*)

On November 3, 2017, Debtors commenced this case by filing a voluntary petition under Chapter 13 of the Bankruptcy Code.

A default exists under the Loan for failure to make payments due and owing under the Note and Deed of Trust. (*See* Declaration).

As of August 28, 2019, the post-petition payments due under the Loan are as follows:

| **PAYMENTS** | | | |
|---|---|---|---|
| **Number of Payments** | **Payment Amount** | **Payment Dates** | **Total** |
| 2 | $1,211.99 | 7/1/2019 to 8/1/2019 | $2,423.98 |
| | | *Less Suspense*: | ($630.76) |
| **Total Post-Petition Payments as of August 28, 2019:** | | | **$1,793.22** |

(*See* Declaration).

An additional payment will come due on September 1, 2019, and payments will continue to come due on the 1st day of each month until the Loan is paid in full. (*See* Declaration).

The current post-petition payment is due in the amount of $1,211.99, of which $813.95 is for principal and interest and $398.04 is for the escrow payment.

As of August 28, 2019, the total amount owed under the Note is approximately $123,087.96.[3] (*See* Declaration).

---

[2] The Note and Deed of Trust are collectively referred to herein as the "Loan."

[3] The amounts referenced herein are approximations for purposes of this motion only and should not be relied upon to payoff and/or reinstate the Loan as interest and additional advances may come due subsequent to the filing of the motion. Interested parties can obtain an exact payoff and/or reinstatement quote by contacting Movant's undersigned counsel.

**MOTION FOR RELIEF FROM AUTOMATIC STAY**
Page 2

ALDRIDGE PITE, LLP
4375 Jutland Drive; P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (425)644-6471

Case 17-44122-MJH    Doc 35    Filed 09/27/19    Ent. 09/27/19 14:39:41    Pg. 2 of 5

As of the date of this motion, no foreclosure proceedings have been commenced against the Property.

## II. LEGAL ARGUMENT

### A. MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1)

Section 362(d)(1) provides, in pertinent part:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-

    (1) *For cause*, including the lack of adequate protection of an interest in property of such party in interest....

11 U.S.C. § 362(d)(1)(emphasis added). Cause includes a debtor's lack of equity in a property, a debtor's failure to make post-petition mortgage payments, and inadequate protection of a creditor's interest in the property. *In re Ellis*, 60 B.R. 432 (9th Cir.BAP 1985).

Pursuant to Debtors' Chapter 13 Plan, Debtors are obligated to make all post-petition payments due and owing under the Note. Debtors' failure to tender post-petition mortgage payments, as detailed herein, constitutes "cause" to terminate the automatic stay. Based upon the foregoing, Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

### B. MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(2)

Section 362(d)(2) provides, in pertinent part:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-

    (1) with respect to a stay of an act against property under subsection (a) of this section, if –

        (A) the debtor does not have an equity in such property; and

        (B) such property is not necessary to an effective reorganization…

11 U.S.C. § 362(d)(2). For purposes of Section 362(d)(2), "equity" is defined as the difference between the value of the property and *all encumbrances upon it*. *Stewart v. Gurley*, 745 F.2d

**MOTION FOR RELIEF FROM AUTOMATIC STAY**
Page 3

ALDRIDGE PITE, LLP
4375 Jutland Drive; P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (425)644-6471

Case 17-44122-MJH    Doc 35    Filed 09/27/19    Ent. 09/27/19 14:39:41    Pg. 3 of 5

1194 (9th Cir. 1984)(emphasis added). Section 362(d)(2) reflects Congressional intent to allow creditors to immediately proceed against the property where the debtor has no equity and it is unnecessary to the reorganization, *even where the debtor can provide adequate protection under Section 362(d)(1). In re San Clemente Estates*, 5 B.R. 605, 610 (Bankr.S.D.Cal. 1980) (emphasis added).

Movant is informed and believes, based on the Debtors' sworn bankruptcy schedules, that the fair market value of the Property is approximately $140,000.00.[4] Taking into account all of the liens encumbering the Property and the reasonable costs associated with the sale of the Property, Movant maintains that Debtors' and/or the estate's equity in the Property is as follows:

| | |
|---|---:|
| Fair Market Value: | $140,000.00 |
| Less: | |
|    Movant's Trust Deed | $123,087.96 |
|    Costs of Sale (8%) | $11,200.00 |
| Equity in the Property: | **$5,712.04** |

As there is little to no equity in the Property for the benefit of the bankruptcy estate, the Property is not necessary for an effective reorganization. Therefore, Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2).

### III. CONCLUSION

For all of the reasons discussed herein, Movant is entitled to relief from the automatic stay of 11 U.S.C. § 362(a).

**WHEREFORE**, Movant respectfully prays for an Order of this court:

1. Terminating the automatic stay of 11 U.S.C. § 362(a) to allow Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property;

2. Waiving the 14-day stay prescribed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure;

3. Permitting Movant to offer and provide Debtors with information regarding a

---

[4] Copies of the Debtors' Schedules "A" and "D" are collectively attached hereto as **Exhibit A** and incorporated herein by reference.

MOTION FOR RELIEF FROM AUTOMATIC STAY
Page 4

ALDRIDGE PITE, LLP
4375 Jutland Drive; P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (425)644-6471

Case 17-44122-MJH    Doc 35    Filed 09/27/19    Ent. 09/27/19 14:39:41    Pg. 4 of 5

potential Forbearance Agreement, short sale, deed in lieu, loan modification, Refinance Agreement, or other loan workout/loss mitigation agreement, and to enter into such agreement with Debtors without further order of the court;

    4. Permitting Movant to recover its reasonable attorneys' fees and costs incurred in prosecuting the instant motion by adding these amounts to the outstanding balance due under the Note, as allowed under applicable non-bankruptcy law;

    5. That is binding and effective despite the conversion of this case to a case under any other chapter of Title 11 of the United States Code; and

    6. Granting Movant such other and further relief as the court deems just and proper.

ALDRIDGE PITE, LLP

Dated: September 27, 2019

JESSE A.P. BAKER
Attorneys for Movant QRL Financial Services, a Division of First Federal Bank of Florida

**MOTION FOR RELIEF FROM AUTOMATIC STAY**
Page 5

**ALDRIDGE PITE, LLP**
4375 Jutland Drive; P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (425)644-6471

Case 17-44122-MJH    Doc 35    Filed 09/27/19    Ent. 09/27/19 14:39:41    Pg. 5 of 5