# RETAINER AGREEMENT

The undersigned client (the "Client") hereby appoints BOSSIER & ASSOCIATES, PLLC (hereinafter, "the Firm" or "Attorneys") as Client's attorneys at law and in fact to investigate, prepare and prosecute any claim or suit for personal injuries suffered by Client.

## I. BASIS FOR CONTRACT

Client hereby retains the Firm to represent her in connection with her claim against all responsible parties, including but not limited to manufacturers and distributors, arising out of the placement of Transvaginal Mesh/Sling/OBTape. Client authorizes the Firm to associate co-counsel as they may deem necessary and to share any fees contemplated in this contract with such co-counsel with the express understanding that associating with co-counsel will NOT increase the fees set forth in Paragraph III below. After the appropriate investigation, the Firm reserves the right to rescind this contract. Client hereby fully empowers, authorizes and directs said Attorneys to manage and handle, as they deem necessary, best and proper, said claim, cause of action, suit or suits that may grow out of the same, and to prosecute said causes of action with or without suit in any manner they deem advisable. The Firm is hereby authorized and empowered to deliver in Client's name any and all notices, receipts, authorizations, releases, pleadings and any other document and instruments proper in the handling of said claim.

## II. CLIENT'S COOPERATION

The Client agrees to cooperate fully with the Firm, disclose all relevant facts and promptly advise it of any change in address or telephone number. The client authorizes the Firm to use their professional judgment and any relevant documents, records or other information that the Firm deems necessary to the proper representation of the Client. The Client agrees to promptly comply with all reasonable requests of the Firm on all matters included in this contract. The Client fully understands that failure to fully cooperate may be a basis for termination of this contract. Client further agrees that the Firm may withdraw from representing the Client if it deems withdrawal warranted. Such withdrawal is effective upon mailing written notice to Client's last known address.

## III. CONTINGENT FEE ARRANGEMENT

Client agrees to pay as compensation for the Firm's services 40% of all claims or recoveries from and against all sources, persons, or entities. The fee percentage calculation will be made based on the gross recovery before deduction of any expenses. In the event there is no recovery, Client owes the Firm nothing. If Client seeks to dismiss the Firm, Client hereby agrees that the Firm shall have a lien against any recovery by Client for any and all of the Firm's unreimbursed expenses and for reasonable attorneys' fees measured by the value of the Firm's services and the risks undertaken by the Firm.

## IV. EXPENSES FOR THE HANDLING OF CLAIM

The Firm agrees to pay for any and all reasonable expenses associated with the prosecution of Client's claim. In the event there is no recovery, there is no charge to the Client. In the event of a recovery, the Client understands and agrees the Firm will be paid all reasonable costs, charges or expenses made or incurred by it and/or any associated counsel in connection with the handling of the Client's claim, including but not limited to: expenses or charges for obtaining medical records, court costs, filing fees, depositions, travel, document duplication, courier and message services, long distance telephone tolls, user fees for computer research, fees paid to experts, court reporters, and other third parties including investigators, postage, and other extraordinary costs necessitated by client demands. All expenses will be deducted from any recovery prior to the distribution of proceeds to Client.

If the Client's claims include reimbursement for medical expenses incurred in treating the injury made the basis of the claim, the Client may, by contract or statute, be required to repay to the party who paid the medical expenses part or all of those amounts (i.e. subrogation). This is the Client's obligation, and such repayment, if any, shall be the Client's responsibility and shall be paid out of the Client's settlement proceeds. If a dispute arises between the Client and a subrogee or lien holder, the Client agrees to allow the Firm to hold the maximum amount being claimed in an escrow account until such dispute has been resolved.

IT IS FURTHER UNDERSTOOD AND AGREED that any and all disputes, controversies, claims or demands arising out of or relating to this agreement or any provision hereto, including but not limited to services of the Firm to Client, distribution of proceeds, expenses charged, fees paid to Firm or other Attorneys, or any matter related to the relationship between the Firm and Client whether in contract or tort, or otherwise, at law or in equity, for damages or any other requested relief, shall be resolved by binding arbitration utilizing American Arbitration Association and applying commercial arbitration rules. Any such arbitration proceeding shall be conducted in Hinds County, Mississippi, and a panel of three (3) arbitrators will be utilized. This arbitration provision shall be enforceable in either federal or state court in Hinds County, Mississippi. Any part of any award rendered in such arbitration proceeding may seek a judgment upon the award, and that judgment may be entered by a federal or state court in Hinds County, Mississippi, having jurisdiction.

CLIENT ACKNOWLEDGES THAT CLIENT HAS READ THIS AGREEMENT IN ITS ENTIRETY AND THAT THE FIRM AND ITS ATTORNEYS HAVE ANSWERED ALL QUESTIONS OF CLIENT, IF ANY, CONCERNING THE AGREEMENT AND CLIENT UNDERSTANDS THE AGREEMENT AND CONSIDERS IT TO BE FAIR AND REASONABLE.

CLIENT:

_____
Client Signature

ATTORNEYS:

_____
BOSSIER & ASSOCIATES, PLLC

_____
Client Social Security Number

02/23/2018
Date